UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                      **Hon. Hugh B. Scott**

                v.                        11CR389A

                                      **Decision
&amp; Order**

David Davis,
                        Defendant.

Before the Court is the defendant David Davis' omnibus motion for various types of pretrial relief in this matter. (Docket No. 48 ).[1]

**Background**

On December 20, 2011, the Grand Jury for the Western District of New York indicted defendant David Davis, along with Timothy Woodean, Kennith E. Sheehan, Edward Lynch, Bonnie Gordon, and Kevin Farrell on charges of conspiracy to possess and distribute marijuana [Count 1] (Docket No. 7). Davis is only named in Count 1 of the Indictment. Woodean, Sheehan, Lynch and Gordon are also charged with conspiracy to import marijuana [Count 2] and

---

[1] Defendant Lynch also filed an omnibus motion (Docket No. 49). The government has represented that a plea agreement has been reached with respect to defendant Lynch and that Lynch has withdrawn his motion. Neither Lynch, nor his counsel appeared for oral argument as scheduled on September 3, 2013. Counsel for Lynch shall advise the Court as soon as is practical as to whether Lynch has withdrawn his motion, or whether oral argument should be scheduled. The motion remains pending at this time.

1

conspiracy to commit money laundering [Count 3]. Lynch and Gordon are charged with importation of marijuana [Count 4], as is Woodean [Count 5]. The Indictment also includes forfeiture allegations.[2]

**Discovery**

In his motion , Davis seeks various items of pretrial discovery. The government has provided discovery to the defendant. During oral argument on September 3, 2013, counsel for the defendant advised the Court that there are no outstanding issues.

**Brady & Jencks Material**

The defendant has requested that the government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents

---

[2] Defendants Gordon (Docket No. 54) and Farrell (Docket No. 75) have entered guilty pleas in this matter.

encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The government represents that it will produce all Brady material in accordance with the schedule set by the District Court prior to trial. (Docket No. 26 at page 23).

Neither the Supreme Court, nor the Second Circuit[3], have ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983)(impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is

---

[3] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

3

sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such exculpatory and impeachment material, if any exists, in

accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

**Rule 404, 608 and 609 Evidence**

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence. Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use any such evidence of a prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL

736872, at *7 (S.D.N.Y. Dec.13, 1995).

**Preservation of Evidence**

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all rough notes and items of evidence.

**Voir Dire of Experts**

The defendant has requested a schedule for disclosure relating to expert witnesses. (Docket No. 48 at page 16). A date for the disclosure of the government's expert witnesses is typically addressed by the District Court's trial order.

**Conclusion**

The defendant's motion for pretrial relief is granted in part, denied in part, consistent with the above.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
September 30, 2013